# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

KALIPP LINDSEY

NO. 2019 KW 0941

SEP 18 2019

---

In Re:   State Of Louisiana, applying for supervisory writs, 21st Judicial District Court, Parish of Tangipahoa, No. 1500764.

---

**BEFORE:   WHIPPLE, C.J., GUIDRY AND CRAIN, JJ.**

**WRIT GRANTED.** The district court's ruling granting the motion to suppress is reversed, and this matter is remanded for further proceedings. An officer may, without a warrant, arrest a person when the person to be arrested has committed an offense in his or her presence. La. Code Crim. P. art. 213(A)(1). The determination of reasonable grounds for an investigatory stop, or probable cause for an arrest, does not rest on the officer's subjective beliefs or attitudes but turns on a completely objective evaluation of all of circumstances known to the officer at the time of his challenged action. **State v. Kalie,** 96-2650 (La. 9/19/97), 699 So.2d 879, 880 (*per curiam*). Since the officer had probable cause to arrest the defendant for criminal trespass, any evidence discovered in plain view or during a search incident to a lawful arrest was subject to seizure and admissible at trial. See **State v. Surtain,** 2009-1835 (La. 3/16/10), 31 So.3d 1037, 1047; **State v. Ducre,** 604 So.2d 702, 707 (La. App. 1st Cir. 1992).

**VGW**
**WJC**

**Guidry, J.,** would not consider the writ application. The State's request for an extension to the original return date was filed untimely under Uniform Rules of Louisiana Courts of Appeal, Rule 4-3.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT